UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER DONALD TODD,

        Petitioner,         Case Number: 17-CV-10788

v.         HONORABLE GERSHWIN A. DRAIN
        UNITED STATES DISTRICT JUDGE

DEWAYNE BURTON,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

On March 14, 2017, Petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. He seeks habeas corpus relief on the grounds that he received ineffective assistance of counsel, the empaneling of an anonymous jury violated his right to due process, and judicial fact-finding improperly increased his minimum sentence. He also seeks an evidentiary hearing. Respondent argues that two claims are procedurally defaulted and that all claims are meritless. The Court denies the petition.

I.     Background

Petitioner's convictions arise from a robbery which occurred at the home of James Butsinas in Warren, Michigan. The Michigan Court of Appeals provided this overview of the circumstances leading to Petitioner's convictions:

> On September 17, 2013, after an evening of drinking and drugs, defendant and Dennis Shepler came up with a plan to rob James Butsinas or his brother John Butsinas. Shepler, who drove the get-away car, was familiar with the brothers. Defendant arrived at James's home around 11:30 a.m. carrying an envelope and a semi-automatic gun in his pocket. James answered the door, and defendant said, "I'm here to buy gold from your brother, John." James was not expecting anyone, but John had brought people over to complete transactions at James's home

before, so James let him in. Once the door was closed, defendant removed his weapon and told James, "I want all your gold, diamonds, and money." James told defendant it was upstairs and got defendant to follow him to his bedroom. James told defendant it was under the bed. Instead, what was under the bed was James's revolver, which he pulled out and used to shoot defendant three times. Defendant was shot in the left wrist and twice in the chest. According to James, defendant had already taken $2,000 and a gold bracelet from his dresser. Defendant denied ever seeing or taking these items.

James and defendant began to struggle. The clip fell out of defendant's gun, which he then used to strike James on the head multiple times, resulting in multiple large lacerations. The struggle went throughout the home and even outside. Once defendant broke free, he ran until he reached the car, and Shepler drove them away. Although covered in blood, James followed on foot until shortly after the car drove away.

*People v. Todd*, No. 322587, 2015 WL 9258093, *1 (Mich. Ct. App. Dec. 17, 2015).

After a jury trial in Macomb County Circuit Court, Petitioner was convicted of armed robbery, MICH. COMP. LAWS § 750.529, assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84, felon in possession of a firearm (felon in possession), MICH. COMP. LAWS § 750.224f, and two counts of possession of a firearm during the commission of a felony (felony-firearm), MICH. COMP. LAWS § 750.227b. On June 20, 2014, he was sentenced to concurrent prison sentences of 216 to 360 months for armed robbery, 36 to 120 months for assault with intent to do great bodily harm less than murder, and 18 to 60 months for felon in possession, all consecutive to two years imprisonment for the two felony-firearm convictions, which were to be served concurrently with one another.

Petitioner's application for leave to appeal in the Michigan Court of Appeals raised the following claims: (I) trial counsel was ineffective; (ii) right to due process violated by an anonymous jury; and (iii) trial court based sentence upon judicially-found facts. The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *People v. Todd*, No. 322587,

2

2015 WL 9258093, *1 (Mich. Ct. App. Dec. 17, 2015). The Michigan Supreme Court denied leave to appeal. *People v. Todd*, 500 Mich. 854 (Mich. Sept. 6, 2016).

Petitioner's present habeas corpus petition raises these claims:

I. The petitioner was denied his constitutional right to the effective assistance of counsel in violation of the United States Constitution when trial counsel rendered deficient performance when: (1) counsel conceded the petitioner's guilt of every element of each charged offense, while attempting to diminish his culpability with a defense that was not grounded in law; (2) counsel failed to move to suppress a robbery note obtained as a result of an illegal search and seizure of the petitioner's property from his hospital room; (3) counsel failed to object to the admittance of a nontestifying laboratory scientist's report that the petitioner's DNA matched DNA found at the scene of the crime and in an alleged getaway car, and by failing to object to the testimony of the officer in charge of the investigation regarding the report when he did not prepare it, and (4) when counsel's accumulated errors prejudiced the petitioner.

II. The petitioner was denied his constitutional right to due process under the Fourteenth Amendment when the trial court empaneled a jury whose members were referred to only by juror numbers.

III. The petitioner was denied his Sixth and Fourteenth Amendment (Due Process Clause) constitutional rights when judicial fact finding increased the floor of the permissible sentence.

IV. Unless the petitioner is granted an evidentiary hearing regarding his ineffective assistance of counsel and improper sentence claims, he will be denied his constitutional right to due process of law under the Fourteenth Amendment of the United States Constitution.

II.  Standard

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) quoting *Williams*, 529 U.S. at 413. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's

4

decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

5

III. Discussion

    A.    Ineffective Assistance of Counsel Claims

Petitioner seeks habeas corpus relief on the ground that his attorney's performance was deficient in several respects. He argues that counsel improperly conceded Petitioner's guilt of armed robbery, failed to move to suppress the robbery note on the ground that it was seized without a warrant, failed to object to the admission of a non-testifying scientist's DNA report and to the testimony of the officer in charge regarding the report, and that the cumulative effect of these errors denied him a fair trial.

To show a violation of the Sixth Amendment right to the effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal quotes omitted). In order to establish prejudice, a petitioner must show that, but for the constitutionally deficient representation, there is a "reasonable probability" that the outcome of the proceeding would have been different. *Id.* at 694.

First, Petitioner argues that counsel was ineffective in conceding Petitioner's guilt as to all of the elements of armed robbery. In both his opening statement and closing argument, counsel conceded that after Petitioner was admitted into Butsinas's home, Petitioner pulled out a gun and demanded jewelry and money. The defense contended that Petitioner never actually took money or property from the home. Petitioner contends that this defense was borne of counsel's mistaken belief that Petitioner could not be convicted of armed robbery unless he completed the larceny.

The Michigan Court of Appeals held that counsel's approach was instead "one element of a broader defense – one of contrition and mercy." *Todd*, 2015 WL 9258093 at *2. The state court reasoned that counsel's approach was a strategic one designed to impress upon the jury that Petitioner was the least culpable person involved. Counsel stressed that Petitioner was unemployed and desperate for money, Shepler was a "well-known burglar" and Butsinas was a fence who dealt in stolen property. *Id.* Defense counsel also highlighted discrepancies between Butsinas's testimony at trial and his prior police statement. *Id.* The Michigan Court of Appeals concluded that counsel's attempt to minimize Petitioner's culpability and elicit sympathy from the jury, while ultimately unsuccessful, was a reasonable approach.

Petitioner has failed to show that the state court of appeals' assessment of defense counsel's trial strategy was an unreasonable application of *Strickland*. Counsel presented the best defense under the circumstances. Counsel's admission in light of the substantial evidence against the petitioner was reasonable and did not fall below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The Court cannot conclude that "there is a reasonable probability that," but for counsel's trial strategy, "the result of the proceeding would

7

have been different." *Strickland,* 466 U.S. at 694. Habeas relief is denied on this claim

Second, Petitioner argues that counsel was ineffective for failing to move to suppress the robbery note because it was seized without a warrant. The note was discovered by police officer Patrick Moore, who, when responding to the reported robbery, was redirected to the hospital where Petitioner had been taken for treatment of his gunshot wounds. Officer Moore searched Petitioner's pants pockets looking for identification. At the time, Officer Moore did not know whether Petitioner had been the victim of a crime. He found a blood-stained unsealed envelope in Petitioner's pants pocket. The envelope contained a note which read: "[D]o not make a sound or I will shoot you. Want only cash and jewelry and I'll be gone. Give me the note back." 5/8/14 Tr. at 35, ECF No. 6-10, Pg. ID 530.

On direct appeal, the Michigan Court of Appeals held that the note was properly admitted into evidence because, even if the search did not fall under any recognized exception to the warrant requirement, the inevitable discovery rule would apply. *Todd,* 2015 WL 9258093 at *3. This Court must defer to the Michigan Court of Appeals' ruling that the note was admissible under state law. *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005). Because the evidence was admissible under state law, and counsel cannot be found ineffective for failing to make futile objections, this claim is meritless. *See Altman v. Winn*, 644 Fed. App'x 637, 644 (6th Cir. 2016).

Petitioner claims that counsel was ineffective for failing to object to the admission of a non-testifying lab scientist's DNA report and to the testimony of the officer in charge regarding the report because he did not prepare it. The Michigan Court of Appeals held that defense counsel's handling of the DNA evidence was "a conscious and reasonable trial strategy." *Todd*,

8

2015 WL 9258093 at *4. The state court reasoned that the defense was motivated to stipulate to the admission of the DNA evidence in order to avoid postponing the trial date and that because Petitioner admitted to being at the Butsinas home and in the getaway vehicle the defense had little to gain by contesting the admissibility of the evidence or the officer in charge's testimony. *Id.* The state court's conclusion that counsel's strategy was reasonable and did not prejudice Petitioner was a reasonable application of *Strickland*.

Finally, Petitioner argues that the cumulative effect of counsel's multiple errors denied him his right to the effective assistance of counsel. As discussed above, Petitioner has not shown that defense counsel performed deficiently, moreover, even assuming that counsel performed deficiently, in light of the totality of the evidence, Petitioner has not shown he was prejudiced by counsel's actions.

### B. Anonymous Jury Claim

Petitioner argues for habeas corpus relief on the ground that the trial court violated his due process rights by empaneling an anonymous jury. He states that the trial court referred to jurors on the record only by their numbers without providing any justification for doing so and without giving a cautionary instruction that this did not reflect on Petitioner's guilt or innocence.

Respondent argues that this claim is procedurally defaulted. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003), *citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar

issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of this claim.

"Under AEDPA, if there is *no* clearly established Federal law, as determined by the Supreme Court that supports a habeas petitioner's legal argument, the argument must fail." *Miskel v. Karnes*, 397 F.3d 446, 454 (6th Cir.2005) (emphasis in original) (internal quotation marks omitted). While the Sixth Circuit has held that the empaneling of an anonymous jury should be limited to certain circumstances where there is "strong reason to believe the jury needs protection" and the court should take "reasonable precautions to minimize any prejudicial effects," *United States v. Talley*, 164 F.3d 434, 439 (6th Cir. 2008), the Supreme Court has never held that there is a constitutional right to a public jury. *See United States v. Lawson*, 535 F.3d 434, 440 (6th Cir. 2008) ("The Sixth Amendment provides defendants with a right to a public *trial* by an impartial jury, but it does not guarantee a right to a public *jury*.") (emphasis in original). Consequently, Petitioner cannot show that the state court's denial of his claim was either contrary to or an unreasonable application of clearly established Supreme Court precedent.

C. Sentencing Claim

In his third claim Petitioner argues that his sentence was improperly increased based upon facts not admitted by Petitioner or found by a jury beyond a reasonable doubt.

The Supreme Court has held that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a

reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99, 102 (2013). *Alleyne* is an extension of the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), in which the Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.

Here, the Michigan Court of Appeals held that Petitioner's own, uncontested testimony supported the scoring of the offense variables at issue and that no judicial factfinding occurred. *Todd*, 2015 WL 9258093 at *5-6. The state court's opinion is supported in the record. Petitioner testified that he pulled out a handgun and told the victim to hand over money and jewelry. This testimony supported the scoring of offense variables 1 and 2. The Michigan Court of Appeals also held that, under state law, Petitioner could be counted as a victim for purposes of the scoring of offense variable 3. *Id.* Petitioner's own testimony as to his multiple gunshot wounds supported a finding that he suffered life threatening injuries. *Id.* The Michigan Court of Appeals' decision that the scoring of Petitioner's offense variables was not based upon judge-found facts is reasonable in light of the record. Habeas relief is denied.

The Supreme Court's holding in "*Alleyne* dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range," which is what occurred in Petitioner's case. *See United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014). The Michigan Supreme Court recently relied on the *Alleyne* decision in holding that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. *People v. Lockridge*, 498 Mich. 358 (2015). However, Petitioner cannot rely on *Lockridge* to obtain relief with this Court. "The Michigan Supreme

Court's decision in *Lockridge* does not render the result 'clearly established' for purposes of habeas review." *Haller v. Campbell*, No. 1:16-CV-206, 2016 WL 1068744, at * 5 (W.D. Mich. Mar. 18, 2016). In light of the fact that the Sixth Circuit has ruled that *Alleyne* does not apply to sentencing guidelines factors, reasonable jurists at a minimum could disagree about whether *Alleyne* applies to the calculation of Michigan's minimum sentencing guidelines. *Id.* at * 6. "*Alleyne* therefore did not clearly establish the unconstitutionality of the Michigan sentencing scheme and cannot form the basis for habeas corpus relief." *Id.*; *see also Perez v. Rivard*, No. 2:14-CV-12326, 2015 WL 3620426, at * 12 (E.D. Mich. June 9, 2015) (petitioner not entitled to habeas relief on claim that his sentencing guidelines scored in violation of *Alleyne*). Habeas relief is denied.

D. Evidentiary Hearing

Finally, Petitioner claims that unless this Court grants an evidentiary hearing regarding his ineffective assistance of counsel and sentencing claims, his right to due process will be violated. Petitioner is not entitled to an evidentiary hearing because the state court decided these claims on the merits.

In *Cullen v. Pinholster*, 563 U.S. 170 (2011), the Supreme Court held that a federal court's review of a state court decision "under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits" because the federal habeas scheme was designed to leave "primary responsibility with the state courts." *Id.* at 181-82. Consequently, "[i]t would be contrary to that purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively de novo." *Id.* Put simply, "review under §

2254(d)(1) focuses on what a state court knew and did." *Id.* Where, as here, a state court has issued a decision on the merits, "district courts are precluded from conducting evidentiary hearings to supplement existing state court records." *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013).

IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

V.   Conclusion

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.** The Court finds Petitioner may proceed on appeal *in forma pauperis* because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated:  September 19, 2018              /s/Gershwin A. Drain
                                        GERSHWIN A. DRAIN
                                        United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 19, 2018, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk